## KAPLAN v. MIDLAND R. TERMINAL CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. CARRIERS—ANIMALS—CARE REQUIRED.

    Where a horse became frightened while in the custody of the carrier and ran away, but no fault was attributable to the carrier as to either the place where or the means by which the horse was fastened, the carrier was not liable.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham J. Kaplan against the Midland Railroad Terminal Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Lawrence W. Widdecombe, for appellant.
Arthur Furber, for respondent.

MacLEAN, J.   Fault was neither shown with nor attributed to either the place where or the means with which the horse of the plaintiff was fastened.   That it became frightened, broke out of its bridle, and ran away, was not enough to make the defendant responsible for want of care, for carelessness, so far as appears, was not the cause.   That a mere boy took charge of the horse was as well known to him who delivered the horse as to the defendant, if known at all by the latter, and fault may not here be charged upon one, and not the other.   Furthermore, the plaintiff, by the introduction of improper evidence, sought to charge the defendant as bailee, and this alone was proper ground for reversal.   In view of this and of the above, the judgment must be reversed and a new trial ordered.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.   All concur.